NO. 07-01-0110-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 30, 2002


______________________________



DAVID MEDINA
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 43137-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 David Medina (appellant) appeals from a final judgment under which he was
convicted of delivery of a controlled substance. Through a single issue, he contends that
he was denied due process and a fair trial since the "State failed to allow [him] to take a
shower or sleep on anything other than concrete prior to the [punishment] hearing" and the
trial court "would not allow him to explain his appearance to the jury." This issue is identical
to that raised in David Medina v. State, No. 07-01-0107-CR, pending in this court.

 Consequently, we adopt the reasoning and discussion in our opinion issued this day
in cause number 07-01-0107-CR and conclude that it sufficiently disposes of the single
issue appellant raises at bar. In doing so, we also overrule appellant's contention and
affirm the judgment entered below. 

 Brian Quinn

 Justice



Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2002). 



mily: 'Arial', sans-serif">  ABATEMENT AND REMAND
          Appellant, Shane Sepeda, was convicted of possession of a controlled substance
and sentenced to 20 years confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant filed a notice of appeal challenging his
conviction. The clerk's record was filed on November 24, 2008. Upon reviewing the
record, it came to this Court's attention that the Trial Court's Certification of Defendant's
Right of Appeal does not comply with Rule 25.2(d) of the Texas Rules of Appellate
Procedure. Specifically, the certification does not indicate whether or not appellant has the
right to appeal.
          Consequently, we abate this appeal and remand this cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a proper Certification of Defendant's Right of Appeal in compliance with Rule
25.2(d). Once properly completed and executed, the certification shall be included in a
supplemental clerk's record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause
this supplemental clerk's record to be filed with the Clerk of this Court by January 2, 2009. 
This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of
Appellate Procedure, of the defective certification. If a supplemental clerk's record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
          It is so ordered.
Per Curiam
 
Do not publish.